**So Ordered.**

**Dated: August 25th, 2021**



Whitman L. Holt
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: | |
| GORDON BROTHERS CELLARS, INC., | Case No. 20-02038-WLH11 |
| Debtor. | |
| KAMIAK VINEYARDS INC., | Case No. 20-02003-WLH11 |
| Debtor. | |
| JEFF & VICKI GORDON, husband and wife, | Case No. 20-02164-WLH11 |
| Debtors. | **FINDINGS OF FACT & CONCLUSIONS OF LAW RE: CHAPTER 11 PLAN** |

BAILEY BUSEY

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

FINDINGS OF FACT &
CONCLUSIONS OF LAW               -1-

**THIS IDENTICAL ORDER IS BEING FILED IN THE CASE OF EACH OF THE ABOVE CAPTIONED DEBTORS**

This matter came on for hearing on August 20, 2021 on the request of Gordon Brothers Cellars, Inc., Kamiak Vineyards, LLC and Jeff & Vicki Gordon (collectively the **"Debtors"**) for confirmation of the Debtors' proposed Subchapter V Joint Plan of Reorganization **("Plan")** [Case No. 20-02038-WLH11, Docket No. 169]. The court has considered the Declaration of Jeff Gordon as well as any testimony elicited or proffered without objection at the confirmation hearing. Any objections to confirmation have been resolved or withdrawn. Based upon the evidence, the court hereby finds and concludes as follows:

1. The Debtors filed their 2nd Amended Plan of Reorganization on July 21, 2021 [Case No. 20-02038-WLH11, Docket No. 169] **("Plan")**.

2. The Plan meets the requirements of 11 U.S.C. § 1190. Specifically, the Plan contains a brief history of the business operations of the Debtors, a liquidation analysis, and projections with respect to the Debtors' ability to make plan payments. The Plan provides for the submission of the

FINDINGS OF FACT &
CONCLUSIONS OF LAW         -2-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

20-02164-WLH11    Doc 46    Filed 08/25/21    Entered 08/25/21 14:44:50    Pg 2 of 9

Debtors' future income to make plan payments and as required to implement the Plan.

3. The Debtors gave proper notice of their Plan and the hearing on confirmation of the Plan to creditors and parties in interest as required by FRBP 2002, LBR 2002-1 and LBR 3018-1 as well as other applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. Proof of service of such notice has been filed with the court (Case No. 20-02038-WLH11, Docket No. 170).

4. The confirmation hearing was held by telephone conference on August 20, 2021.

5. The following classes of claims are impaired under the Plan:

Class 3:	Secured Claims of Bank of Eastern Washington
Class 4:	Secured Claims of Equitable Financial Life Ins. Co.
Class 9:	Claims of GBC & Kamiak Unsecured Creditors
Class 10:	Claims of Individual Unsecured Creditors
Class 11 & 12:	Insider Claims

6. The Plan lists the Claim of Farm Credit Leasing (Class 5) as impaired under the Plan. In fact, the treatment given the Class 5 Claim under the Plan renders the Class 5 Claim unimpaired pursuant to 11 U.S.C. § 1124, as Farm Credit Leasing's rights under its pre-petition loan documents remain



FINDINGS OF FACT &
CONCLUSIONS OF LAW            -3-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

unaltered by the Plan. The Plan is deemed modified to indicate that the Class 5 Claim is unimpaired.

7. The Plan lists the Class 7 Claim of Quicken Loans as unimpaired. The Debtors have entered into a stipulation with Quicken Loans to clarify the treatment to be afforded to Quicken Loans. Pursuant to the Plan and stipulation, the Class 7 Claim of Quicken Loans remains unimpaired.

8. The Plan lists the Class 8 Claim of the Internal Revenue Service as impaired. At the confirmation hearing, the Debtors orally moved, and the court granted, a motion to amend the treatment provided the Class 8 Claim. The Debtors' oral motion was to amend the Plan (paragraph 2.8(c)) to provide the following treatment for the IRS:

> The Class 8 Claim shall be paid in cash in full within ten (10) days of the earlier of: (a) the passing of the deadline by which the Debtor is authorized to object to claims – with no objection to the Class 8 Claim being filed; or (b) entry of an order allowing the Class 8 Claim. The IRS shall retain all of its non-bankruptcy rights and remedies to collect the Class 8 Claim if it is not paid according to the terms of the Plan.

The IRS is receiving treatment permitted by 11 U.S.C. § 1129(a)(9)(C). The IRS Claim, to the extent that the IRS is determined to have a claim, will be

**BAILEY BUSEY**
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

FINDINGS OF FACT &
CONCLUSIONS OF LAW       -4-

paid in a manner more favorable than the claims of Class 9 or Class 10 unsecured creditors with interest at the statutory rate. With the modified treatment proposed by the Debtors, the Class 8 Claim is unimpaired and paragraph 2.8(d) of the Plan is deemed modified accordingly.

9. The Debtors have filed a report of balloting [Case No. 20-02038-WLH11, Docket No. 175]. The Report of Balloting indicates that all ballots cast by Classes 3, 4, 9 and 10 accepted the Plan. No ballots were received rejecting the Plan. The Debtors have indicated that no ballots other than those identified in the Report of Balloting have been received by the Debtors.

10. Any payment made or to be made by the Debtors for services or for costs and expenses in or in connection with these cases, or in connection with the Plan and incident to the cases, has been approved by, or is subject to the approval of, the court as reasonable. Any and all payments for professional services, including authorization required by 11 U.S.C. §§ 327 and 330 remain subject to bankruptcy court approval notwithstanding confirmation of the Plan.

11. Jeff Gordon & Vicki Gordon are the sole owners of Gordon Brothers Cellars and Kamiak Vineyards. Marc Nelson & Katie Nelson, the

FINDINGS OF FACT & CONCLUSIONS OF LAW -5-



411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

daughter and son-in-law of Jeff & Vicki Gordon, participate in the management of the Debtors. As disclosed in the notices of intent to pay insider compensation filed with the court, the Gordons and Nelsons have continued to draw a salary for their services during the course of the cases. The Gordons and Nelsons will continue to operate and manage the Debtors under the Plan and may continue to receive compensation as disclosed by Section 3.4 of the Plan.

12. The Plan is a one hundred percent (100%) payment plan which will make payments to creditors in full. By definition the Plan will thus pay creditors at least as much as they would receive in a liquidation, as required by 11 U.S.C. § 1129(a)(7). In addition, the Debtors are devoting all of their projected disposable income to their creditors over the term of the Plan. All Class 9 & 10 creditors voting on the Plan accepted the Plan.

13. No government regulatory commission or agency is required to approve the Plan or the terms of the Plan.

14. The Plan satisfies the requirements of 11 U.S.C. § 1129(a)(7) in that each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the effective date of the Plan,



FINDINGS OF FACT &
CONCLUSIONS OF LAW            -6-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

15. No 11 U.S.C. §1111(b) elections have been made by any secured creditor.

16. Class 1 & 2 are unimpaired under the Plan and not entitled to vote. Class 11, 12 & 13 represent insider claims and are not voting classes under the Plan.

17. Administrative priority claims described by 11 U.S.C. § 503(b) and § 507(a)(2) are provided for as required by 11 U.S.C. § 1129(a)(9).

18. Each impaired class under the Plan either: (a) has accepted the Plan – Classes 3, 4, 9 & 10; or (b) is not actually impaired – Class 5 & 8. As a result, the Plan is confirmed as a consensual plan pursuant to 11 U.S.C. § 1191(a).

19. The Plan has been accepted in writing by at least one non-insider class of impaired creditors as required by 11 U.S.C. § 1129(a)(10). The provisions of Chapter 11, Title 11 of the United States Code have been complied with and the Plan complies with all provisions of Title 11 of the United States Code as well as other applicable law.



FINDINGS OF FACT & CONCLUSIONS OF LAW  -7-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

20. Confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization of the Debtors, except to the extent such liquidation or reorganization is proposed in the Plan.

21. None of the Debtors owe a child support or domestic support obligation.

22. Other than as provided for by the Plan, there are no priority claims against the Debtors pursuant to 11 U.S.C. § 507.

23. The Debtors do not owe the bankruptcy court any fees.

24. The Debtors are not paying retiree benefits; therefore, no retiree benefits will be affected by the Plan.

25. The Plan, with the amendments set forth in the Order Confirming Plan, should be confirmed. The provisions of chapter 11 have been complied with, and the Plan has been proposed in good faith and not by any means forbidden by law.

26. The requirements for confirmation of the Plan imposed by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and any other applicable law, including the requirements of 11 U.S.C. § 1129, have been met.

FINDINGS OF FACT & CONCLUSIONS OF LAW      -8-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

20-02164-WLH11    Doc 46    Filed 08/25/21    Entered 08/25/21 14:44:50    Pg 8 of 9

27. The Effective Date of the Plan will be the first business day following the date on which the confirmation order becomes a final non-appealable order. The Debtors are authorized and directed to begin consummation of the Plan on the Effective Date, including the execution of any documents contemplated, required or allowed by the Plan.

/ / / End of Order / / /

Presented By:

         /s/ Roger W. Bailey
ROGER W. BAILEY (WSBA 26121)
Bailey & Busey PLLC
Counsel for Gordon Brothers Cellars


         /s/ John O'Leary
John O'Leary (WSBA 33004)
Gravis Law
Counsel for Kamiak Vineyards, LLC


         /s/ Donald A. Boyd
James P. Hurley (WSBA 17376)
Hummer Boyd PLLC
Counsel for Jeff & Vicki Gordon

*changes made by court

**BAILEY BUSEY**

FINDINGS OF FACT &
CONCLUSIONS OF LAW        -9-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282